RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEB 04 2016

FILED _____
DOCKETED _____  DATE   INITIAL

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA, ) No. 13-30000
)
      Plaintiff-Appellee, ) D.C. No. 11-cr-22-RJB
) District of Alaska
v. ) Anchorage
)
FRANCIS SCHAEFFER COX, ) RULE 201:
) MANDATORY JUDICIAL NOTICE OF
      Defendant-Appellant. ) COLLATERAL LITIGATION IN WHICH
) APPELLANT AND APPELLATE COUNSEL
ARE ADVERSE PARTIES
2nd Notice w/ case #5

NOTICE: (16MR11)

    Let the record reflect: that Mr. Cox and Ms. Sun are adverse parties involved in litigation pending in Williamson County, Illinois, that a conflict of interests currently exists between them, that said conflict is prejudicial to Appeal No. 13-30000, that neither Mr. Cox nor Ms. Sun have waived this conflict of interests, that they have both independently objected on the record to being forced to proceed conflicted on appeal, and that an appeal pled by conflicted counsel is constitutionally defective on its face.

    See Attached: "Petition For Declaratory Judgment As To Who Is Liable For Malpractice Damages Under The Insurance Agreement Between These Two Defendant/Respondents."

Respectfully submitted,

/s/ Francis Schaeffer Cox
Houston v. Lack, Jan 28th, 2016
Francis Schaeffer Cox
#16179-006
USP Marion CMU
PO Box 1000
Marión, IL 62959

FRANCIS COX
#16179-006
PO BOX 1000
Marion, IL 62959

**FILED**

JAN 20 2016

*[signature]*
CLERK OF THE CIRCUIT COURT

IN THE CIRCUIT COURT OF WILLIAMSON COUNTY

FRANCIS COX, )
)
    Plaintiff/Petitioner, ) Case No. 16MR11
)
v. )
)
ATTORNEY MYRA SUN, ) Petition for Declaratory
) Judgment as to Who is Liable
    Defendant/Respondent, ) For Malpractice Damages Under
) The Insurance Agreement
and ) Between these Two Defendant/
) Respondents.
Unidentified MALPRACTICE INSURER, )
)
    3rd Party Defendant/ )
    Respondent. )

## QUESTIONS PRESENTED

1. Who is Ms. SUN's Insurance/Bonding provider and where is their policy?

2. Is Ms. SUN liable, or is her Insurance/Bonding provider liable for malpractice damages, according to said policy?

## JURISDICTION

Plaintiff currently resides in Illinois, suffered the damage of malpractice while in Illinois, and has stipulated agreements between the parties that the State of Illinois has subject matter jurisdiction in this case. Furthermore, the Plaintiff believes that the State of Illinois has a declaratory relief statute modeled after the Federal Statute 28 USC §2201, which is the only law Plaintiff has access to while incarcerated in Federal prison. 28 USC §2201 states in relevant part:

CHAPTER 151 DECLARATORY JUDGMENTS

§2201. Creation of remedy

(a) ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

Page 1 of 3

party seeking such declaration, whether or not further relief is or could be sought....

## STATEMENT OF FACTS

Plaintiff/Petitioner (hereafter Cox) was an appellant in the U.S. Court of Appeals For The 9th Circuit, where Defendant/Respondent (hereafter Ms. SUN) is admitted to the BAR. On June 12th, 2015, Cox and Ms. SUN entered into a written expressed contractual agreement which governed Ms. SUN's representation for Cox. The contract specifically detailed what would constitute malpractice by Ms. SUN. The actions and inactions of Ms. SUN resulted in objective malpractice as defined by the contract. This caused Cox to suffer damages. Cox now seeks a limited declaratory judgment from this Court as to who -- Ms. SUN, or her Insurance Provider -- is liable for malpractice damages under their Insurance Agreements, and therefor the proper party for Cox to pursue for litigation and/or settlement which shall be forthcoming in an appropriate jurisdiction; such jurisdictions to be determined once this Court has declared with whom liability lies.

## CLAIM

Cox now respectfully petitions this Court to:

Obtain through it's subpoena power the malpractice insurance and/or bonding agreement(s) between Ms. SUN and her Insurer(s) and/or Bonding Agent(s); and to

Determine which parties are liable for malpractice damages, and to what extent each are liable if liability is shared under said agreement; and to

Issue a DECLARATORY JUDGMENT containing findings sufficient to satisfy Cox's legal right to know who to pursue for damages.

## CONCLUSION

Cox has a legal right to know who to pursue for malpractice damages, and has been unable to obtain a copy of Ms. SUN's insurance policy. Therefore, the subpoena powers of this honorable Court are now required.

This request is made in good faith by a Petitioner who does not have access to the local rules of this Court or the Illinois statutes. Therefore it should be construed liberally so as to achieve compliance. Any material shortcomings that can not be overcome by liberal construction should be returned to Petitioner for opportunity to cure, along with a copy of the statute or rule that relates to the deficiency.

## AFFIRMATION

I, Francis S. Cox, affirm under penalty of perjury pursuant to 18 USC §1746, and by my own sense of honor, that the facts herein presented are correct to the best of my knowledge, that my statements are in no way misleading, that I am of sound mind and majority of age for the purpose of testifying, and that I am competent to conduct my own affairs.

That is all.

FRANCIS S. COX
16179-006
USP Marion
PO Box 1000
Marion IL 62959

*[signature]*

Houston V. Lack
November 23 2015

IN THE CIRCUIT COURT OF WILLIAMSON COUNTY

| | |
|---|---|
| FRANCIS COX, | |
|     Plaintiff/Petitioner, | Case No. 16 m q 11 |
| v. | |
| ATTORNEY MYRA SUN, | Provisional Certificate of Service |
|     Defendant/Respondent, | |
| and | FILED |
| Unidentified MALPRACTICE INSURER, | JAN 20 2016 |
|     3rd Party Defendant/Respondent. | CLERK OF THE CIRCUIT COURT |

    I certify that I have sent an original of this "Petition for Declaratory Judgment as to Who is Liable For Malpractice Damages Under The Insurance Agreement Between these Two Defendant/Respondents" to the Clerk of Court for the Circuit Court of Williamson County, and to Ms. MYRA SUN, and that I have informed Ms. SUN of her duty to serve the same upon her heretofore unnamed Insurance and/or Bonding provider(s).

    Service was effected pursuant to Houston v. Lack, 108 S.Ct. 2379 (1998) on November 23, 2015 by U.S. Mail to the following addresses:

> CIRCUIT COURT OF WILLIAMSON COUNTY
> COURT CLERK
> 200 W. Jefferson Street, Suite 100
> Marion, IL 62959-9989
>
> MYRA SUN
> ATTORNEY AT LAW
> PO Box 65786
> Los Angeles, CA 90065

> FRANCIS COX
> 16179-006
> USP Marion
> PO Box 1000
> Marion, IL 62959

Sworn & Attested to be my thumb print in absence of a notary

F.A.S. Cox

Houston v. Lack
November 23, 2015

Page 1 of 1

```
CIRCUIT CLERK ANGIE ELLIOTT KOCHAN
JUDICIAL CIRCUIT #01
COUNTY OF Williamson
        200 W Jefferson  Suite 100
        Marion              IL 62959-0000
        618/997-1301

C A S H   R E C E I P T           1/20/2016 12:45

Receipt no.   418894
Receipt date  1/20/2016
Reclass date
Case number   2016MR000011P 001V001
              COX, FRANCIS    #16179-006        PRO SE
              VS.
              ATTORNEY MYRA SUN
Payor         COX, FRANCIS    #16179-006        PRO SE
Hearing       2/24/2016   9:00  Courtroom  CH   Review
Comment
Agency
Misc.
Payment type  Certified check
Check in      0045976381
Check out     0000000000
Overpayment                              .00
Clerk                                 160.00
Court                                   5.00
Automation                              5.00
Law Library                             3.00
Judicial Security                      25.00
Document Storage                        5.00
Dispute Resolution                      1.00
Access to Justice                       2.00
Total                                 206.00
................................................
Workstation   QZRCSRVS
User ID       GK
Branch
              You are always welcome in the Clerk's office
```